# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHICAGO AREA I. B. OF T. HEALTH AND WELFARE TRUST FUND, the CHICAGO AREA I.B. OF T. PENSION TRUST FUND, and the CHICAGO AREA I.B. OF T. SEVERANCE AND RETIREMENT FUND by and through their Trustees HOWARD C. MURDOCH, RONALD SANDACK, PATRICK BRUNO and MICHAEL G. PHILIPP, <br><br>　　　　Plaintiffs, <br><br>　　v. <br><br>L. SANSONE MOTOR SERVICE, INC., CHARMAINE PURCHASE, and JOHN PURCHASE, <br><br>　　　　Defendants. | Case No.: 18-cv-193 |

## COMPLAINT

Plaintiffs the Chicago Area I.B. of T. Health and Welfare Trust Fund, the Chicago Area I.B. of T. Pension Trust Fund, and the Chicago Area I.B. of T. Severance and Retirement Fund (collectively, "Funds"), by and through their Trustees Howard C. Murdoch, Ronald Sandack, Patrick Bruno, and Michael G. Philipp, and through their attorneys, Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich by way of their complaint against Defendants L. Sansone Motor Service, Inc. ("Sansone"), Charmaine Purchase, and John Purchase state as follows:

## JURISDICTION AND VENUE

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, to collect unpaid employee benefit contributions, interest, liquidated damages, attorneys' fees and court costs and, as such, this Court has jurisdiction under sections 502(e) and 502(f) of ERISA, 29 U.S.C. §§ 1132(e) and 1132(f), and Section 301(c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185(c).

1

2. Venue lies in this court under section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), in that the Funds are administered by their Trustees at their principal place of business at 1333 Butterfield Road in Downers Grove, Illinois.

## PARTIES

3. The Funds are multiemployer benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and 1002(37).

4. The Trustees are "fiduciaries" of the Funds authorized to bring this action on behalf of the Plan, its participants, and its beneficiaries pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

5. Defendant Sansone is an Illinois corporation that, at all relevant times, has been doing business within this district and has been an employer within the meaning of ERISA Section 3(5), 29 U.S.C. § 1002(5) and Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a).

6. Defendant Charmaine Purchase is an individual who, upon information and belief, has held the office of President of Sansone at all times relevant to this lawsuit.

7. Defendant John Purchase is an individual who, upon information and belief, has held the office of Secretary of Sansone at all times relevant to this lawsuit.

8. Charmaine Purchase and John Purchase are being sued under the terms of collective bargaining agreements and, upon information and belief, have each at relevant times been an "employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

**COUNT I: FAILURE TO PAY EMPLOYEE BENEFIT FUND CONTRIBUTIONS**

9. I.B. of T. Local Union No. 703 ("Local 703") is a labor organization within the meaning of 29 U.S.C. § 185(a).

10. Sansone has been a party to successive collective bargaining agreements with Local 703 (collectively, "Agreements"), the most recent of which is effective by its terms from April 1, 2015 through March 31, 2020.

11. Under the Agreements, Sansone must make monthly contributions on behalf of all of its employees covered by the Agreements for health-welfare, pension, and severance benefits and must submit monthly remittance reports in which Sansone identifies the employees covered under the Agreements and the amount of contributions remitted to the Funds on behalf of each covered employee.

12. The Agreements obligate Sansone to remit the monthly contributions and submit the monthly contribution reports to the Funds by the 15th of every month, or be subject to liquidated damages and assessed interest on any late payment and collection costs incurred by the Funds in seeking collection of the delinquent contributions.

13. Under the Agreements, the officers and directors of Sansone are personally liable to the Funds for any unpaid amounts that Sansone owes to the Funds.

14. Notwithstanding its obligations under the Agreements, Sansone remitted untimely payments to the Funds for contributions owed for March and April of 2016.

15. Additionally, notwithstanding its obligations under the Agreements, Sansone failed to remit any valid payments for the contributions it owes to the Funds the months of May 2016 through September 2017.

16. Under ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2); the terms of the Agreements; and the Funds' governing documents, in addition to the outstanding contributions owed to the Funds, for all late or unpaid contributions, the Defendants are liable to the Funds for interest at the rate of 1% per month, liquidated damages in the amount of 1% per month, and reasonable attorneys' fees and court costs.

17. Consequently, Sansone owes the Funds: (1) interest and liquidated damages related to its late payments for March and April of 2016; (2) contributions, interest, and liquidated damages for unpaid contributions for May 2016 through September 2017; and (3) reasonable attorneys' fees and costs related to Funds' efforts to collect the foregoing amounts.

18. As an officer (President) of Sansone, Charmaine Purchase is jointly and severally liable to the Funds for all of the unpaid amounts that Sansone owes to the Funds.

19. As an officer (Secretary) of Sansone, John Purchase is jointly and severally liable to the Funds for all unpaid amounts that Sansone owes to the Funds.

20. Despite demands duly made, the Defendants have not remitted the delinquent contributions and other sums owed.

21. The Defendants failure to timely submit the reports and contributions violates ERISA Section 515, 29 U.S.C. § 1145, and LMRA Section 301, 29 U.S.C. § 185.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request judgment against the Defendants as follows:

    1. Finding that Sansone, Charmaine Purchase, and John Purchase, violated the Agreements;

4

2. Finding that Sansone, Charmaine Purchase, and John Purchase are jointly and severally liable to the Funds for all unpaid contributions, plus interest, liquidated damages, and attorneys' fees and court costs related to unpaid or untimely paid contributions;

3. Ordering Sansone, Charmaine Purchase, and John Purchase to pay to Plaintiffs all contributions, accrued interest, and liquidated damages;

4. Ordering Sansone, Charmaine Purchase, and John Purchase to pay to Plaintiffs all court costs and reasonable attorneys' fees and costs related to collection of the unpaid amounts owed to the Funds;

5. Granting all such other legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jeremy M. Barr
Jeremy M. Barr
Attorney for the Plaintiffs

Jeremy M. Barr (ARDC# 6299047)
Elizabeth L. Rowe (ARDC# 6316967)
DOWD, BLOCH, BENNETT,
CERVONE, AUERBACH & YOKICH
8 S. Michigan Ave., 19th Floor
Chicago, IL 60603
(312) 372-1361